1

2

3

4

5

6

7                            UNITED STATES DISTRICT COURT

8                          NORTHERN DISTRICT OF CALIFORNIA

9

10    AMANDA G CHAVEZ,

                                              Case No. 24-cv-06378-NC
11              Plaintiff,

12          v.                                **ORDER GRANTING
                                              DEFENDANTS' MOTION TO
13    CITY OF SAN JOSE, et al.,               DISMISS WITH LEAVE TO
                                              AMEND**
14              Defendants.
                                              Re: ECF 14
15

16

17          This case arises from the alleged physical assault of Plaintiff Amanda G. Chavez by

18    Defendant Officer Bryce Gingery during Plaintiff's arrest. Plaintiff brings several claims

19    against Defendants City of San Jose, Bryce Gingery, and Does 1 through 10 under 42

20    U.S.C. § 1983.  Defendants move to dismiss the Second and Third Causes of Action of the

21    First Amended Complaint (FAC) as to municipal liability for failure to train and

22    ratification, as well as any claims asserted against Does 1 through 10 under Federal Rule of

23    Procedure 12(b)(6).  For the following reasons, Defendants' motion to dismiss is

24    GRANTED with leave to amend.

25    **I.     BACKGROUND**

26          Plaintiff's FAC alleges the following facts.  Prior to being arrested by Officer

27    Gingery, Plaintiff was attempting to have a conversation with Officer Gingery.  ECF 7 ¶

28    17.  Plaintiff was in her vehicle during this conversation until Officer Gingery pulled

United States District Court
Northern District of California

1    Plaintiff out of said vehicle, threw her to the ground, and physically assaulted her. *Id.* The

2    physical assault included Officer Gingery punching Plaintiff multiple times on her head

3    and face with a closed fist, rendering her unconscious. *Id.* ¶ 18. Plaintiff was not resisting

4    arrest during the time of the punching. *Id.* Body cameras captured portions of the

5    incident. *Id.* ¶ 17. As the result of the foregoing, Plaintiff sustained serious injuries and

6    emotional trauma consistent with the application of force used in the assault. *Id.* ¶ 19.

7        Plaintiff filed a complaint against Defendants on November 10, 2024. ECF 1.

8    Plaintiff then filed her FAC on October 17, 2024. ECF 7. Defendants moved to dismiss

9    the Second and Third Causes of Action as to municipal liability under theories of failure to

10   train and ratification, as well as any claims against the Doe Defendants. ECF 14. Plaintiff

11   opposed and Defendants replied. ECF 18; ECF 19.

12       All parties have consented to magistrate judge jurisdiction. ECF 4; ECF 17.

13   **II.    LEGAL STANDARD**

14       A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

15   sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To

16   survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

17   true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

18   662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When

19   reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the

20   complaint and draw all reasonable inferences in favor of the non-moving party." *Retail*

21   *Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir.

22   2014). A court, however, need not accept as true "allegations that are merely conclusory,

23   unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs.*

24   *Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows

25   the court to draw the reasonable inference that the defendant is liable for the misconduct

26   alleged." *Id.* If a court grants a motion to dismiss, leave to amend should be granted

27   unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v.*

28   *Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### III.    DISCUSSION

Defendants move to dismiss Plaintiff's Second and Third Causes of Action, both 42 U.S.C. § 1983 claims for municipal liability, under Rule 12(b)(6).  ECF 14 at 1. Defendants also move to dismiss under Rule 12(b)(6) the claims asserted against Does 1 through 10.  *Id.*

#### A.    Municipal Liability under 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Local governments are "persons" subject to liability under § 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).

Plaintiff's Second and Third Causes of Action for municipal liability allege that the City violated her constitutional rights under two separate *Monell* theories of liability. Plaintiff first alleges municipal liability under a theory of inadequate training in her Second Cause of Action.  ECF 7 at 7.  Plaintiff then alleges municipal liability under a theory of ratification of the decision by a person with final policymaking authority in her Third Cause of Action.  *Id.* at 8.

#### 1.    Second Cause of Action – Failure to Train

The Court finds that Plaintiff failed to state a *Monell* claim under failure to train because she does not sufficiently allege a training policy, custom, or practice of the City, nor does she sufficiently allege deliberate indifference.

A plaintiff may prove municipal liability under *Monell* under a theory of inadequate training.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).  To prove failure to train, a plaintiff must show that (1) she was "deprived of a constitutional right," (2) the City had a training policy that "'amounts to deliberate indifference to the [constitutional] rights of the persons' with whom [its police officers] are likely to come into contact"; and (3) her constitutional injury "would have been avoided had the City properly trained those officers."  *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007) (citations

3

1    omitted).  Deliberate indifference requires proof that a "municipal actor disregarded a

2    known or obvious consequence of his action."  *Connick v. Thompson*, 563 U.S. 51, 61

3    (2011).  To prove deliberate indifference, a plaintiff can allege a "pattern of similar

4    constitutional violations by untrained employees" or show that the need for more or

5    different training is "so obvious" and the inadequacy is "so likely to result in the violation

6    of constitutional rights," that the training is indifferent.  *Connick v. Thompson*, 563 U.S.

7    51, 61, 72 (2011); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989).

8         Here, Plaintiff failed to allege a policy, custom, or practice of the City.  First, it is

9    unclear what policy she is alleging that the City maintained that resulted in a violation of

10   her rights.  While Plaintiff argues that it was enough for the FAC to specify that the City

11   "failed to adequately train its officers with regard to their obligations under the Fourth and

12   Fourteenth Amendments to the United States Constitution, the permissible scope of

13   objectively reasonable force and the duty to refrain from unreasonable and excessive

14   force," the Court finds that the alleged policy is vague and conclusory.  ECF 7 ¶ 33.  The

15   FAC lacks facts to support the contours of, or even the existence of, these policies.  *See AE*

16   *ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (finding that it was

17   insufficient to only state what the policy related to).

18        Moreover, Plaintiff does not sufficiently allege occurrences of unconstitutional

19   conduct by the City or Officer Gingery to establish a custom or practice.  "A single or even

20   a few isolated and sporadic incidents of unconstitutional conduct are not enough to impose

21   municipal liability under Section 1983."  *Escobar-Lopez v. City of Daly City*, 527 F. Supp.

22   3d 1123, 1128 (N.D. Cal. 2021) (citing *Gant v. Cnty. of L.A.*, 772 F.3d 608, 618 (9th Cir.

23   2014)).  Plaintiff's FAC does not allege any other occurrences of unconstitutional conduct

24   by the City or Officer Gingery.

25        Regardless of whether there was a sufficient policy, custom, or practice alleged,

26   Plaintiff also fails to demonstrate deliberate indifference.  She does not allege a "pattern of

27   similar constitutional violations by untrained employees," instead only alleging actions by

28   Officer Gingery.  Further, Plaintiff is conclusory in alleging that "Defendant CITY was

United States District Court
Northern District of California

4

1    deliberately indifferent to the obvious consequences of its failure to train its officers

2    adequately." ECF 7 ¶ 33. There are no facts supporting this conclusion—Plaintiff fails to

3    allege why the consequences were obvious or how the training is inadequate and would

4    likely result in the violation of constitutional rights.

5            Plaintiff argues that this claim should not be disposed of so early in the case due to

6    the public's lack of access to police training content and practices. Although it is true it is

7    "rare that a plaintiff will have access to specific details regarding the existence or absence

8    of internal policies or training procedures prior to discovery, Plaintiff still has the burden

9    to allege that the custom amounts to a pattern of constitutional violations." *Knighten v.*

10   *City of Anderson*, No. 15-cv-01751-TLN-CMK, 2016 WL 1268114, at *6 (E.D. Cal. Mar.

11   31, 2016).

12           As such, the Court GRANTS Defendants' motion to dismiss Plaintiff's Second

13   Cause of Action of municipal liability under the theory of failure to train.

### 2.    Third Cause of Action – Ratification

15           The Court finds that Plaintiff failed to sufficiently allege ratification under *Monell*

16   because her allegations are conclusory.

17           A plaintiff may prove municipal liability under *Monell* if "an official with final

18   policy-making authority ratified a subordinate's unconstitutional decision or action and the

19   basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (citing *Praprotnik*,

20   485 U.S. at 127). Ratification requires, among other things, that an "official policymaker

21   make a deliberate choice from among various alternatives to follow a particular course of

22   action," that a "policymaker approves the subordinate's decision *and the basis for it,*" and

23   knowledge of the alleged constitutional violation. *Id.* at 1348 (citations omitted); *Christie*

24   *v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999).

25           Here, Plaintiff has not sufficiently alleged any of the requirements needed for

26   ratification. Plaintiff argues that it was sufficient to allege that the "final policymakers

27   knew of or specifically approved (or will specifically approve of) the acts of the OFFICER

28   DEFENDANTS" and that "final policymakers have determined (or will determine) that the

United States District Court
Northern District of California

1    acts of OFFICER GINGERY were 'within policy,'" but Plaintiff has not alleged facts to

2    back up these conclusory statements.  ECF 7 ¶¶ 40–41.  Indeed, Plaintiff herself seems

3    unsure if those facts would even exist, as evidenced by her use of future tense.  *See also*

4    ECF 18 at 7 (stating that discovery will allow Plaintiff to determine "whether [Officer

5    Gingery] was disciplined for his unconstitutional acts").  As it stands, Plaintiff has not

6    alleged any affirmative or deliberate conduct by any official with policy-making authority.

7         Even if the Court took judicial notice that Anthony Mata was the Chief of Police,

8    and therefore, an officially policymaker for the city on police matters, Plaintiff provided no

9    facts that Mata had knowledge of Officer Gingery's actions or what actions he took to

10   approve of Officer Gingery's decision and basis for it.  Similarly, even if the remaining

11   identities and knowledge of supervisorial police officials to whom policymaking and

12   training authority has been delegated by the police chief are easily revealed during

13   discovery, the Complaint again alleges no facts that that they took actions to approve

14   Officer Gingery's decision and basis for it.

15        Plaintiff also argues that she would be able to determine whether Officer Gingery

16   was disciplined for his unconstitutional acts during discovery. While it is true that the

17   Federal Rules of Civil Procedure allows for the discovery process to uncover facts, bare

18   legal conclusions, such as those offered here, without factual allegations, are not enough to

19   survive a motion to dismiss.  *See Iqbal*, 556 U.S. at 664 ("While legal conclusions can

20   provide the complaint's framework, they must be supported by factual allegations.").

21        As such, the Court GRANTS Defendants' motion to dismiss Plaintiff's Third Cause

22   of Action of municipal liability under the theory of ratification.

23        **B.    Dismissal of Doe Defendants**

24        Generally, the use of John Doe to identify a defendant is not favored.  *Villarreal v.*

25   *County of Monterey*, 254 F.Supp.3d 1168, 1195.  This is especially so if the complaint

26   provides no information about the Does other than the general allegations that they

27   committed wrongdoing, and their actions can be attributed to the City.  *Id*.  A party may,

28   upon learning of the participation of additional parties, move to seek to amend the

United States District Court
Northern District of California

1      complaint (or answer) and have the amendment relate back in time to the original filing if

2      the circumstances justify it.  *Buckheit v. Dennis*, 713 F. Supp. 2d 910, 918 n.4 (N.D. Cal.

3      2010) (citing *Graziose v. American Home Products Corp.,* 202 F.R.D. 638, 643 (D. Nev.

4      2001)).

5           Here, the FAC provides no information about Does 1 through 10 other than the

6      general allegations that they committed wrongdoing and that their actions can be attributed

7      to the City.  The FAC does not refer to Does 1 through 5 in any cause of action or allege

8      what they have done, beyond being "responsible in some manner."  ECF 7 ¶ 13.  While

9      "Supervisory Does" 6 through 10 are referred to in the FAC, it does not identify what they

10     did in relation to the incident of which Plaintiff complains or anything they did to manage,

11     make policy, or supervise Officer Gingery.  *Id.* ¶¶ 9, 29, 37.  Even if the FAC implies that

12     the Supervisory Does failed to train Officer Gingery, as explained above, these statements

13     were conclusory and do not pass Rule 12(b)(6) muster.

14          As such, the Court GRANTS Defendants' motion to dismiss claims against all Doe

15     Defendants.

16     **IV.    CONCLUSION**

17          Based on the foregoing, the Court GRANTS Defendants' motion to dismiss

18     Plaintiff's Second and Third Causes of Action as to municipal liability, as well as the

19     claims against Doe Defendants.  Because the deficiencies can be remedied, the Court also

20     GRANTS Plaintiff leave to file an amended complaint. The second amended complaint

21     must be filed by April 28, 2025.  Plaintiff may not add additional claims without leave to

22     do so by the Court.  To be clear, in the interest of justice, the Court intends to allow

23     Plaintiff to take discovery before further amending her Second and Third Causes of

24     Action.

25          **IT IS SO ORDERED.**

26

27     Dated:  February 3, 2025          _____

28                                        NATHANAEL M. COUSINS
                                         United States Magistrate Judge

United States District Court
Northern District of California